# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

JEREMY ALLEY,  
      Petitioner,

vs.

SIMON LEIS,  
      Respondent

Civil Action No. 1:05-cv-151

Beckwith, J.  
Black, M.J.

**REPORT AND  
RECOMMENDATION**

Petitioner Jeremy Alley brings this case through counsel seeking a Writ of Habeas Corpus pursuant to 28 U.S.C. §2254. This matter is before the Court on the petition (Doc. 1), respondent's return of writ (Doc. 3), petitioner's brief in support of the petition (Doc. 4), and the state court record submitted in response to the Court's Order. (Doc. 6).

## I. PROCEDURAL HISTORY

On April 24, 2003, petitioner, the Chief of the Elmwood Police Department, was arrested in connection with several sexually explicit Internet chat discussions he had with Officer Cheryl Hart, an undercover police officer posing as a minor. The first of the chats occurred on March 17, 2003, during which Officer Hart identified herself as a teenage female. Petitioner again chatted with Officer Hart on March 18, March 20, April 7, and April 22, 2003. Sexual activity was discussed during each of these conversations. Petitioner never actually met with Officer Hart in person or made any other attempts to act upon their discussions.

The Hamilton County Grand Jury returned an indictment charging petitioner with five counts of importuning in violation of Ohio Rev. Code § 2907.07(E)(2). On April 25, 2003,

petitioner entered a plea of not guilty to these charges.  Petitioner moved to dismiss the charges against him on the ground that the section of the importuning statute under which he was charged violates the First Amendment.  On July 23, 2003, the trial court overruled the motion to dismiss.  Petitioner's motion to reconsider was denied by the trial court on September 26, 2003.  On November 12, 2003, petitioner withdrew his plea of not guilty and entered a plea of no contest to all five counts.  A guilty finding was made and on January 6, 2004, petitioner was sentenced to five years on community control and ordered to serve 180 days in the Hamilton County Justice Center.

Represented by the same counsel, petitioner filed a timely appeal of his conviction to the First District Ohio Court of Appeals on January 8, 2004, contending that the trial court erred in denying his motion to dismiss.  Petitioner raised a single issue for review in connection with the appeal: "Laws which Criminalize Speech between Adults Absent Any Harm to an Actual Minor Violated the First Amendment both Facially and As Applied To Particular Defendants." (Doc. 6, Exh. 28.1).  The State opposed the assignment of error, and on August 18, 2004, the Court of Appeals overruled petitioner's assignment of error. (Doc. 6, Exh. 26).

Petitioner timely appealed the Court of Appeals' decision to the Supreme Court of Ohio.  On December 29, 2004, the Supreme Court of Ohio dismissed the appeal as not involving any substantial constitutional question. (Doc. 6, Exh. 1).

On March 30, 2004, petitioner through new counsel filed a petition for post-conviction relief alleging ineffective assistance of counsel with respect to trial counsel's stipulation that petitioner was eligible for sexually oriented offender classification. (Doc. 6, Exh. 4).  The State opposed the petition. (Doc. 6, Exh. 3).  The petition is still pending.

On March 11, 2005, petitioner, through counsel, filed a Petition for Writ of Habeas

Corpus in this federal court raising the following ground for relief:

> Ground one: Ohio's importuning statute (R.C. Section 2907.07(D)(2))[1] is
> unconstitutional in violation of the First Amendment.

> Supporting FACTS: The charges against Jeremy Alley arose from online chats
> between Alley and a police officer posing as a teenage girl. During the chats, he
> is alleged to have solicited the officer for sexual activity. Because no real minor
> was involved, and because Mr. Alley neither attempted nor actually engaged in
> any sexual activity involving a real minor, the State cannot criminalize his speech
> consistent with the First Amendment.

(Doc. 1).


## II. STANDARD OF REVIEW

On federal habeas review, the factual findings of the state appellate court are entitled to a

presumption of correctness in the absence of clear and convincing evidence to the contrary. 28

U.S.C. § 2254(e)(1). *See McAdoo v. Elo*, 365 F.3d 487, 493-94 (6th Cir. 2004); *Mitzel v. Tate*,

267 F.3d 524, 530 (6th Cir. 2001). In addition, the decision of the Ohio Court of Appeals is

binding on this Court unless it is contrary to clearly established law or was based on an

unreasonable determination of the facts of record. *Franklin v. Francis*, 144 F.3d 429, 433 (6th

Cir. 1998).

Under the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104- 132,

110 Stat. 1214 ("AEDPA"), a writ of habeas corpus may not issue with respect to any claim

adjudicated on the merits in state court unless the adjudication either:

1.     resulted in a decision that was contrary to, or involved an unreasonable

---

[1]The section of the Ohio Revised Code under which petitioner was convicted, § 2907.07(E)(2), has been
renumbered § 2907.07(D)(2).

application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

2. resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The phrases "contrary to" and "unreasonable application" have independent meanings:

A federal habeas court may issue the writ under the 'contrary to' clause if the state court applies a rule different from the law set forth in ... [Supreme Court] cases, or if it decides a case differently that we have done on a set of materially indistinguishable facts. The court may grant relief under the 'unreasonable application' clause if the state court correctly identifies the governing legal principle from ... [the Supreme Court's] decisions but unreasonably applies it to the facts of a particular case. The focus on the latter inquiry is whether the state court's application of clearly established federal law is objectively unreasonable ... and an unreasonable application is different from an incorrect one.

*Bell v. Cone*, 535 U.S. 685, 694 (2002)(citation omitted).

Upon review of the entire record, this Court concludes that petitioner has failed to establish that the findings of the state appellate court are unreasonable as to justify federal habeas corpus relief. *See Williams v. Taylor*, 529 U.S. 362 (2000).

## III. GROUND ONE IS WITHOUT MERIT.

Ground One of the petition asserts that Ohio's importuning statute violates the First Amendment on its face and as applied to petitioner. Ohio Rev. Code § 2907.07(E)(2), which has now been renumbered R.C. 2907.07(D)(2), provides:

No person shall solicit another by means of a telecommunications device, as defined in section 2913.01 of the Revised Code, to engage in sexual activity with the offender when the offender is eighteen years of age or older and . . . [t]he other person is a law enforcement officer posing as a person who is thirteen years of age or older but less than sixteen years of age, the offender believes that the other person is thirteen years of age or older but less than sixteen years of age or

4

is reckless in that regard, and the offender is four or more years older than the age the law enforcement officer assumes in posing as the person who is thirteen years of age or older but less than sixteen years of age.

Ohio Rev. Code § 2907.07(E)(2).

Petitioner contends that Ohio Rev. Code § 2907.07(E)(2) is unconstitutionally overbroad because it bans protected speech by adults without preventing any real harm to a real juvenile. Petitioner contends that the statute is not narrowly tailored to serve a compelling governmental interest and is therefore unconstitutional on its face. Petitioner also contends that because his speech was protected by the First Amendment, Ohio Rev. Code § 2907.07(E)(2) is unconstitutional as applied to him. In this regard, petitioner contends that his communications to Officer Hart were communications to a consenting adult as opposed to an actual juvenile, were not obscene, did not constitute fighting words, and were not child pornography involving an actual minor. Finally, petitioner argues that Ohio Rev. Code § 2907.07(E)(2), as it was applied to him, impermissibly punishes mere thought.

A statute may be regarded as overbroad "if in its reach it prohibits constitutionally protected conduct." *Grayned v. Rockford*, 408 U.S. 104, 114 (1972). In determining the merits of an overbreadth challenge, "[t]he crucial question . . . is whether the [enactment] sweeps within its prohibitions what may not be punished under the First . . . Amendment[ ]." *Id.* at 114-15. Speech protected by the First Amendment may nevertheless be regulated by the State if there is a compelling state interest that is advanced by the regulation and if such regulation is narrowly tailored to achieve the State's interest. *See U.S. v. Playboy Entertainment Group,* 529 U.S. 803, 813 (2000); *Broadrick v. Oklahoma*, 413 U.S. 601, (1973). If a less restrictive alternative would serve the government's purpose, the legislature must use that alternative. *Reno v. American Civil*

5

*Liberties, Union,* 521 U.S. 844, 874 (1997).  *See also Sable Communications of California, Inc. v. FCC,* 492 U.S. 115, 126 (1989) ("The Government may . . . regulate the content of constitutionally protected speech in order to promote a compelling interest if it chooses the least restrictive means to further the articulated interest").

In this habeas corpus proceeding, the issue for this Court is whether the state courts' rejection of petitioner's First Amendment challenge was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.   The First District Ohio Court of Appeals, the last state court to issue a reasoned opinion on this issue, summarily rejected petitioner's claim of error:

> In a single assignment of error, Alley argues that the trial court erred in denying his motion to dismiss the indictment because R.C. 2907.07(E)(2) is unconstitutional on its face and as applied to him.  The assignment of error is overruled on the authority of *State v. Tarbay,* 157 Ohio App.3d 261, 2004-Ohio-2721, 810 N.E.2d 979, at ¶16; see, also, *State v. Anthony,* 1st Dist. No. C-030510, 2004-Ohio-3894.  Alley's contention that the statute impermissibly criminalizes a defendant's "mere thoughts" of sexual activity with a minor also fails.  See *State v. Turner,* 156 Ohio App.3d 177, 2004-Ohio-464, 805 N.E.2d 124, at ¶28 and 29.  Therefore, the judgment of the trial court is affirmed.

(Doc. 6, Exh. 26 at 1-2).

*State v. Tarbay*, cited by the Ohio Court of Appeals, addressed the precise issue raised by petitioner in the instant habeas petition: whether Ohio Rev. Code § 2907.07(E)(2) is unconstitutional on its face and as applied as an infringement on the free speech rights guaranteed by the First Amendment to the United States Constitution.  The *Tarbay* court applied First Amendment constitutional principles consistent with those cited above, recognizing  that "[a] statute may be considered overbroad, and thus in violation of the First Amendment, if '[it]

prohibits constitutionally protected conduct,'" 157 Ohio App.3d 261, 264, 810 N.E.2d 979, 981,[2]

and that "even speech protected by the First Amendment can be regulated if the state has a

compelling reason, and if the statute is narrowly tailored to achieve the state's interest." 157

Ohio App.3d 261, 264, 810 N.E.2d 979, 981.[3] The *Tarbay* court held that the statute is not

facially invalid on First Amendment grounds, adopting the reasoning of the Third Appellate

District in *State v. Snyder*, 155 Ohio App.3d 453, 801 N.E.2d 876 (Ohio App. 3d Dist. 2003):

> {¶ 8} In *State v. Snyder,* a case factually similar to the one at bar, the Third
> Appellate District held that R.C. 2907.07(E)(2) did not violate the First
> Amendment because the statute was narrowly construed so as to apply only to
> unprotected speech. In *Snyder,* a police officer posing as a 14-year-old girl made
> contact over the Internet with a 36-year-old man. After several conversations
> describing sexual activities that the man wanted to engage in with the girl, a
> meeting was arranged. When the adult male appeared for the meeting, he was
> arrested and charged with importuning.
>
> {¶ 9} In considering the First Amendment challenge, the Third Appellate District
> first determined that R.C. 2907.07(E)(2) could possibly apply to speech protected by
> the First Amendment. "R.C. 2907.07(E)(2) makes criminal the act of soliciting
> a law enforcement officer to engage in sexual activity if the offender believes, or
> is reckless in that regard, that the law enforcement officer is thirteen years of age
> or older but less than sixteen years of age. The First Amendment does protect two
> adults communicating about and soliciting sexual activity." But the Third
> Appellate District concluded that the state had a compelling interest in protecting
> minors from unlawful sexual activity. We agree. "The United States Supreme
> Court has recognized that there is a compelling interest in protecting the physical
> and psychological well-being of minors, which extends to shielding minors from
> influences that are not obscene by adult standards."[4] The Third Appellate District
> also concluded that the importuning statute was narrowly tailored to achieve the

---

[2] Quoting *State v. Phipps*, 58 Ohio St.2d 271, 273, 389 N.E.2d 1128, 1131 (1979), citing *Grayned v. Rockford*, 408 U.S. 104, 108, 114 (1972).

[3] Quoting *State v. Phipps*, 58 Ohio St.2d at 276, 389 N.E.2d 1128, 1133, citing *Herndon v. Lowry*, 301 U.S. 242, 258 (1937); *Shelton v. Tucker*, 364 U.S. 479, 488 (1960); *Grayned v. Rockford*, 408 U.S. at 116-117.

[4] *Snyder*, 155 Ohio App.3d at 463, 801 N.E.2d at 883, citing *Sable Communications of California, Inc. v. Fed. Communications Comm.*, 492 U.S. 115 (1989); *Ginsberg v. New York*, 390 U.S. 629 (1968); *New York v. Ferber*, 458 U.S. 747 (1982).

> state's interest and did not have a "chilling effect" on speech, "because the offender would have to believe that he is soliciting a minor for sexual activity, a criminal act, before his conduct would be regulated by R.C. 2907.07(E)(2)." Finally, the Third Appellate District observed that R.C. 2907.07(E)(2) did not restrict any more conduct or speech than was necessary to achieve the state's interest. Notably, the statute did not restrict "adults and minors from communicating about sex" or "speech about adults engaging in sexual conduct with minors"; it only prohibited "speech that solicits minors to engage in illegal sexual activity with adults."

*State v. Tarbay*, 157 Ohio App.3d 261, 265, 810 N.E.2d 979, 981-982 (Ohio App. 1st Dist. 2004) (footnotes omitted).

Like petitioner in the instant case, the defendant in *Tarbay* also argued that Ohio's importuning statute is not narrowly tailored to achieve the State's interest in protecting minors from the psychological and physical harm involved in adult solicitation to engage in sexual activity because there is no real minor involved, but rather an adult police officer. In this regard, petitioner contends the statute bans protected speech by adults without preventing any real harm to a real juvenile, citing *Ashcroft v. Free Speech Coalition*, 535 U.S. 234 (2002).

In *Ashcroft,* the United States Supreme Court held that the Child Pornography Prevention Act of 1996 (CPPA) was unconstitutional because the production and possession of sexually explicit images that appeared to depict minors, but were actually produced digitally without the use of real children, was protected by the First Amendment. The *Tarbay* court, and by extension, the First District Court of Appeals in petitioner's case, rejected the argument that Ohio Rev. Code § 2907.07(E)(2) is not narrowly tailored to serve the State's interest in protecting minors because there is no real minor involved to protect from harm. The *Tarbay* court distinguished *Ashcroft* as follows:

> {¶ 13} In *Ashcroft,* the court based its opinion on its view that certain provisions

8

of the CPPA violated the First Amendment because they prohibited the dissemination of *protected* speech, *i.e.,* the expression of ideas. Essentially, the court held that some "virtual child pornography" could be protected speech. Thus, unlike the provisions in *Ashcroft,* the importuning statute here is aimed not at preventing the expression of ideas but at "prohibiting adults from taking advantage of minors and the anonymity and ease of communicating through telecommunications devices, especially the Internet and instant messaging devices, by soliciting minors to engage in sexual activity." R.C. 2907.07(E)(2) regulates conduct--soliciting a child to engage in sex acts--that is not protected by the First Amendment. It does not regulate any type of protected speech as the CPPA attempted to do.

{¶ 14} Second, the rationale set forth by the government in *Ashcroft,* that there was the attenuated potential at some unspecified time in the future that a hypothetical pedophile might use the material considered protected speech to arouse himself or to improve his chances of engaging in sexual activity with a child, is not present in the case at bar. Here, the immediate potential for a person to use the anonymity of the Internet and unprotected speech to directly solicit a minor to engage in illegal sexual activity is very significant. The harm to children was prevented in this case by the "sting" operation. It was fortunate that Tarbay was communicating with an undercover officer whom he only believed was a minor but who was not an actual minor. It appears that the importuning statute served its purpose by preventing harm to a minor.

*State v. Tarbay,* 157 Ohio App.3d 261, 266-267, 810 N.E.2d 979, 983 (Ohio App. 1st Dist. 2004) (footnotes omitted). *In accord State v. Steinau*, 2006 W.L. 1793287 (Ohio App. 2d Dist. 2006); *State v. Helle,* 2004 W.L. 1873724 (Ohio App. 3d Dist. 2004); *State v. Anthony*, 2004 W.L. 1635616 (Ohio App. 1st Dist. 2004).

Finally, the First District Court of Appeals rejected petitioner's contention that the importuning statute as applied to petitioner impermissibly punishes mere thought in violation of *Ashcroft v. Free Speech Coalition*. Contrary to petitioner's argument, "Ohio Rev. Code § 2907.07(E)(2) criminalizes only the *solicitation* of a minor, or someone the offender believes to be a minor, to engage in illegal sexual activity with an adult." *Tarbay,* 157 Ohio App.3d at 268, 810 N.E.2d at 984 (emphasis added). It does not prohibit discussions between adults about

9

sexual activity or between an adult and child about sexual activity.  Nor does it punish an adult

for thinking about having sex with a minor.  Rather, it is the adult's solicitation of "a person he

believe[s] to be a minor to engage in sex acts with him" that is prohibited. *Id.*  "[T]he harm is in

the asking" for sex, not the discussion or thought of sexual activity. *Id.* (internal quotation

omitted).

Petitioner has failed to show that the Ohio Court of Appeals' decision is either contrary

to or an unreasonable application of First Amendment jurisprudence as determined by the United

States Supreme Court.[5]  Since Ohio Rev. Code § 2907.07(E)(2) criminalizes only conduct, *i.e.*,

attempting to solicit children to engage in sexual activity, and not the expression of ideas, the

importuning statute does not regulate free speech, does not prohibit constitutionally protected

conduct, and is not overbroad. *Grayned*, 408 U.S. at 114.  Moreover, the State has a compelling

interest in protecting children[6] and experience teaches that "it is almost impossible otherwise to

catch those who would prey sexually upon children" without the techniques employed by the

importuning statute. *Tarbay*, 157 Ohio App.3d at 270, 810 N.E.2d at 986 (Painter, J.,

concurring).  The statute is narrowly tailored to achieve that interest and does not have a chilling

effect on free speech since the offender must believe he is soliciting a minor for sexual activity, a

criminal act, before his conduct may be regulated.  There is simply no First Amendment right to

persuade minors to engage in illegal sex acts. *United States v. Bailey,* 228 F.3d 637, 639 (6th Cir.

2000); *United States v. Hornaday,* 392 F.3d 1306, 1311 (11th Cir. 2004) ("Speech attempting to

arrange the sexual abuse of children is no more constitutionally protected than speech attempting

---

[5]The Court need not address petitioner's arguments that his communications were not obscene, did not constitute fighting words, and were not child pornography involving an actual minor (Doc. 4 at 8-9) because the First District Ohio Court of Appeals did not classify petitioner's statements under any of those unprotected categories of speech.

[6]See footnote 4, *supra.*

to arrange any other type of crime."). Because the importuning statute regulates only conduct, and not speech, *Tarbay*, 157 Ohio App.3d at 268, 810 N.E.2d at 984; *Anthony*, 2004 W.L. 1635516, *4, the First District Court of Appeals' decision was not contrary to or an unreasonable application of federal law.

Nor does the fact that petitioner "never traveled to meet the fictitious teenager or otherwise acted upon the sexual discussions" (Doc. 4 at 1) persuade this Court that the state court's rejection of petitioner's First Amendment claim was unreasonable. The harm targeted by the importuning statute is the *solicitation* of children for illegal sexual activity, *i.e.*, the "asking," not an action in furtherance of the actual consummation of sexual activity. Moreover, the statute is not aimed at suppressing the "private thoughts" of an adult, but rather only speech that solicits minors to engage in illegal sexual activity with adults. Speech is merely the vehicle through which the adult attempts to induce his minor victim to engage in illegal activity. Thus, the state appellate court's rejection of petitioner's First Amendment challenge was not contrary to, or an unreasonable application of the Supreme Court's decision in *Ashcroft v. Free Speech Coalition*.

Accordingly, this Court concludes that under the applicable standard of review set forth in 28 U.S.C. § 2254(d) the Ohio Court of Appeals' challenged adjudication of petitioner's First Amendment claim was neither contrary to nor involved an unreasonable application of clearly established federal law as determined by the Supreme Court and was reasonable in light of the record before this Court. Therefore, petitioner is not entitled to federal habeas relief based on the First Amendment claim raise in the petition.

**IT IS THEREFORE RECOMMENDED THAT:**

11

1.  Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C.

§ 2241 (Doc. 1) be DENIED.

2.  A certificate of appealability should not issue with respect to the claim alleged in the

petition because petitioner has failed to make a substantial showing of the denial of a

constitutional right based on the claim.  *See* 28 U.S.C. § 2253©); Fed. R. App. P. 22(b).

3.  The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order

adopting this Report and Recommendation would not be taken in "good faith" and, therefore,

DENY petitioner leave to proceed on appeal *in forma pauperis* upon a showing of financial

necessity.  *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).


Date:  2/25/2007                          s/Timothy S. Black
       KI                                 Timothy S. Black
                                          United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

JEREMY ALLEY,                                           Civil Action No. 1:05-cv-151

     Petitioner,

                                               Beckwith, J.

     vs.                                               Black, M.J.

SIMON LEIS,

     Respondent                                        **REPORT AND
                                                RECOMMENDATION**

## NOTICE

     Attached hereto is a Report and Recommendation issued by the Honorable Timothy S. Black, United States Magistrate Judge, in the above-entitled habeas corpus action.  Pursuant to Fed. R. Civ. P. 72(b), which may be applied in this action under Rules 1 and 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, any party may object to the Magistrate Judge's Report and Recommendation within fifteen (15) days after being served with a copy thereof.   Such party shall file with the Clerk of Court and serve on all other parties written objections to the Report and Recommendation, specifically identifying the portion(s) of the proposed findings, recommendations, or report objected to, together with a memorandum of law setting forth the basis for such objection(s).  Any response by an opposing party to the written objections shall be filed within ten (10) days after the opposing party has been served with the objections.  *See* Fed. R. Civ. P. 72(b).  A party's failure to make objections in accordance with the procedure outlined above may result in a forfeiture of his rights on appeal.  *See Thomas v. Arn,* 474  U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

13