```
                IN THE UNITED STATES DISTRICT COURT
                 FOR THE SOUTHERN DISTRICT OF OHIO
                          WESTERN DIVISION


Jeremy Alley,                    )
                                 )
            Petitioner,          )  Case No. 1:05-CV-151
                                 )
     vs.                         )
                                 )
Simon Leis,                      )
Hamilton County Sheriff,         )
                                 )
            Respondent.          )
```

O R D E R

This matter is before the Court on Petitioner Jeremy Alley's Petition for a Writ of Habeas Corpus (Doc. No. 1), Magistrate Judge Black's Report and Recommendation (Doc. No. 7) that Petitioner's petition be denied, and Petitioner's objections to Magistrate Judge Black's Report and Recommendation (Doc. No. 8).  For the reasons that follow, Petitioner's objections to Magistrate Judge Black's Report and Recommendation are not well-taken and are **OVERRULED**; the Court **ADOPTS** Magistrate Judge Black's Report and Recommendation; Petitioner's Petition for a Writ of Habeas Corpus is not well-taken and is **DENIED.**

I. Background

On January 6, 2004, in criminal proceedings in the Hamilton County, Ohio Court of Common Pleas, Petitioner pleaded nolo contendre to and was convicted of five counts of importuning in violation of Ohio Rev. Code § 2907.07(D)(2).  Petitioner was sentenced to six months of imprisonment and five years of

community control.  Petitioner was also determined to be sexually-oriented offender.

Petitioner was arrested and indicted for violating § 2907.07(D)(2) after using an internet chat room on five different occasions to solicit sexual activity with a person he believed to be a fifteen year old girl.  In actuality, Petitioner was chatting with a police officer posing as a teenage girl.  Section 2907.07(D)(2) provides:

> No person shall solicit another by means of a telecommunications device, as defined in section 2913.01 of the Revised Code, to engage in sexual activity with the offender when the offender is eighteen years of age or older and either of the following applies:
>
> . . .
>
> The other person is a law enforcement officer posing as a person who is thirteen years of age or older but less than sixteen years of age, the offender believes that the other person is thirteen years of age or older but less than sixteen years of age or is reckless in that regard, and the offender is four or more years older than the age the law enforcement officer assumes in posing as the person who is thirteen years of age or older but less than sixteen years of age.

Ohio Rev. Code § 2907.07(D)(2).[1]

Petitioner's convictions and sentence were affirmed on direct appeal to the Ohio Court of Appeals on August 18, 2004. Doc. No. 6-1, Ex. 2.  On January 18, 2005, the Supreme Court of Ohio issued an order declining to exercise jurisdiction over

---

[1] At the time of Petitioner's convictions, these provisions were contained in Ohio Rev. Code § 2907.07(E)(2). This section has since been renumbered to § 2907.07(D)(2).  See State v. Nader, No. 05AP-91, 2005 WL 2387626, at *4 n. 4 (Ohio Ct. App. Sept. 29, 2005).  The Court will refer to the statute's new number throughout this order.

Petitioner's discretionary appeal as not involving any substantial constitutional question.  Id. Ex. 1.  Petitioner initiated post-conviction relief proceedings in the Hamilton County Court of Common Pleas on March 30, 2004.  Id. Ex. 4.  The sole ground for relief raised by Petitioner in the post-conviction relief proceedings was that trial counsel was ineffective for stipulating that he should be classified as a sexually-oriented offender pursuant to Ohio Rev. Code § 2950.01, et seq.  The post-conviction relief case remains pending in state court.

On March 11, 2005, Petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  In his petition, Petitioner raises a single ground for relief - "Ohio's importuning statute (R.C. Section 2907.07(D)(2)) is unconstitutional in violation of the First Amendment."  Doc. No. 1, at 4.  Petitioner contends that because he neither attempted nor actually engaged in sexual activity involving a real minor the State of Ohio cannot criminalize his speech without violating the First Amendment.

On June 15, 2005, Respondent filed a return of writ (Doc. No. 3) which, inter alia, argued that a writ should not issue because Petitioner had not exhausted his state remedies.  Respondent further argued that Ohio Rev. Code § 2907.07(D)(2) is not unconstitutional under the First Amendment because it is not regulating speech.  Rather, Respondent argued, the goal of §

2907.07(D)(2) is to prevent conduct which is aimed at the corruption of children.

On April 12, 2006, Petitioner filed a brief in support of his petition for a writ of habeas corpus.  Doc. No. 4. Petitioner asserted four arguments in support of his position that § 2907.07(D)(2) is unconstitutional.  First, Petitioner argued that any law which criminalizes speech between adults absent any harm to an actual minor is both facially unconstitutional and as applied to him.  The primary case cited in support of this argument is Ashcroft v. Free Speech Coalition, 535 U.S. 234 (2002).

Second, Petitioner argued that § 2907.07(D)(2) is unconstitutional because it is not narrowly tailored to serve a compelling governmental interest.  Petitioner contended that this statute does not further any legitimate interest of the state because it bans protected speech between adults without preventing any real harm to children.

Third, Petitioner argued that § 2907.07(D)(2) is unconstitutional as applied to him because his communications were directed to a consenting adult instead of an actual juvenile.  Petitioner argued that his speech was not obscene, did not involve fighting words, and did not involve child pornography.  Therefore, he argued, the state cannot criminalize his speech.

Fourth, and finally, Petitioner argued that § 2907.07(D)(2) is unconstitutional as applied to him because he

4

was punished for mere thought or beliefs.  Petitioner apparently contends that he cannot be punished for only believing that he was communicating with a minor.

In his Report and Recommendation of February 15, 2007 (Doc. No. 7), Magistrate Judge Black rejected Petitioner's arguments.  Judge Black found that § 2907.07(D)(2) only criminalizes conduct, i.e., attempted solicitation of minors to engage in sexual activity, and does not attempt to regulate the expression of ideas or thought.  Judge Black further concluded that the State of Ohio has a compelling interest in protecting children from sexual predators.  Judge Black then concluded that § 2907.07(D)(2) is narrowly tailored because the offender must believe he is soliciting a minor for sexual activity before his conduct can be regulated.  Judge Black noted that there is no First Amendment right to solicit minors to engage in illegal sex acts.  Judge Black concluded that § 2907.07(D)(2) is not unconstitutional because it regulates conduct and not speech.  Accordingly, Magistrate Judge Black recommended that Petitioner's petition be denied.  Finally, Judge Black recommended that a certificate of appealability not issue and that Petitioner be denied leave to proceed <u>in forma pauperis</u> on appeal.

Petitioner now objects to Magistrate Judge Black's Report and Recommendation.  For the most part, Petitioner's objections reiterate the arguments raised in his brief in support of his habeas petition.

II. <u>Standard of Review</u>

This Court reviews <u>de novo</u> a magistrate judge's report and recommendation on a dispositive matter. Fed. R. Civ. P. 72(b).

Pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254, the district court shall not grant a petition for a writ of habeas corpus on any claim that was adjudicated on the merits in state court unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

### III. <u>Analysis</u>

Initially, the Court notes that the Report and Recommendation did not address the issue of Petitioner's failure to exhaust his state remedies before filing his habeas petition. As indicated, Respondent observed in his response to the petition that Petitioner's post-conviction relief case was pending resolution. At this point, however, Petitioner's post-conviction relief motion has been awaiting resolution for approximately three years. Pursuant to state law, however, the trial court must issue a ruling on a petition for post-conviction relief within 180 days of filing. <u>State ex rel. Bunting v. Haas</u>, 807 N.E.2d 359, 360-61 (Ohio 2004); Ohio Rule Crim. P. 35(C). Since

6

the state trial court has not issued a ruling on Petitioner's claim for post-conviction relief in a timely fashion, the Court concludes that the exhaustion requirement is excused.

The issue in this case is whether Ohio Rev. Code § 2907.07(D)(2) violates the First Amendment, either facially or as applied to Petitioner.  As stated, a person violates § 2907.07(D)(2) when he or she solicits sexual activity from an undercover police officer with the belief that such person is a minor between the ages of 13 and 15.  Petitioner pleaded no contest to five counts of violating § 2907.07(D)(2) and he does not contest the facts underlying his conviction in these proceedings.  Therefore, Petitioner apparently concedes that he solicited sexual activity from a person he believed to be a minor between the ages of 13 and 15.  As Judge Black correctly noted, there is no First Amendment right to solicit sexual activity from a minor.  United States v. Bailey, 228 F.3d 637, 639 (6th Cir. 2000).

That basic proposition does not change just because a person solicits sexual activity from an adult police officer whom he erroneously believes is a minor.  A number of federal courts have addressed this issue with regard to the offense of attempted inducement of a minor to engage in sexual activity, in violation of 18 U.S.C. § 2422(b),[2] where the target of the inducement is an

---

[2] 18 U.S.C. § 2422(b) states:

> Whoever, using the mail or any facility or means of interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United

undercover police officer.  The courts of appeal who have addressed this issue have unanimously concluded that § 2422(b) does not violate the First Amendment where no actual minor is involved because the statute only criminalizes conduct, i.e., the inducement of minors to engage in sexual activity.  See United States v. Tykarsky, 446 F.3d 458, 473 (3rd Cir. 2006); United States v. Meek, 366 F.3d 705, 721 (9th Cir. 2004); United States v. Hornaday, 392 F.3d 1306, 1311 (11th Cir. 2004); United States v. Davis, 165 Fed. Appx. 586, 588 (10th Cir. 2006).  The safeguard against chilling protected speech between adults is that the prosecution must prove that the offender actually believed he was soliciting or inducing a minor.  Meek, 366 F.3d at 721.  The U.S. Supreme Court has not addressed this particular issue.

     Similar to 18 U.S.C. § 2422(b), Ohio Rev. Code § 2907.07(D)(2) criminalizes conduct which targets minors, albeit a narrower subset of minors, to engage in illegal sexual activity.  Section 2907.07(D)(2) does not criminalize any speech protected by the First Amendment.  Additionally, as is the case with 18 U.S.C. § 2422(b), § 2907.07(D)(2) contains a scienter element which eliminates the danger that protected speech between adults

---

        States knowingly persuades, induces, entices, or
        coerces any individual who has not attained the age of
        18 years, to engage in prostitution or any sexual
        activity for which any person can be charged with a
        criminal offense, or attempts to do so, shall be fined
        under this title and imprisoned not less than 10 years
        or for life.

will be chilled. The offender must believe that the target of the inducement is at least 13 years of age, but less than 16 years of age, or be reckless in that regard. State v. Worst, No. CA2004-10-270, 2005 WL 3358917, at *11 (Ohio Ct. App. Dec. 12, 2005). Because § 2907.07(D)(2) regulates illegal conduct - the intended solicitation of minors to engage in illegal sexual activity - Petitioner's facial and as applied First Amendment challenges to the statute fail in their entirety.

Both Magistrate Judge Black and the Ohio Court of Appeals reached the same conclusion. It is evident, therefore, that Judge Black's Report and Recommendation was correct and that the Ohio Court of Appeals' resolution of Petitioner's direct appeal did not involve a decision that was contrary to, or involve an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States.

Ashcroft does not control the disposition of Petitioner's habeas claim. The Ashcroft Court considered whether the Child Pornography Prevention Act of 1996 ("CPPA"), 18 U.S.C. § 2251, et seq., violated the First Amendment. The CPPA prohibited sexually explicit images that appear to depict minors but that were produced without using actual children, including creation of virtual images of children with computers. Ashcroft, 535 U.S. at 239. According to the Court, the CPPA went beyond proscribing obscene images; rather, the statute proscribed speech which was not obscene, did not constitute child pornography, and

9

would even apply to works with socially redeeming value. Id. at 240. The Court indicated that real child pornography can be prohibited consistent with the First Amendment because of the harm caused to children during its production, not because of its content. Id. at 249-51.

The government argued to preserve the ban on virtual child pornography on the grounds that it would eliminate the market for real child pornography. Id. at 254. The Court reiterated, however, that the child abuse underlying the creation of child pornography justified its prohibition. Id. The Court stated, however, that with virtual child pornography there is no underlying crime. Thus, the government could not justify banning protected speech as a means to ban unprotected speech. Id. at 254-55.

The only similarity between Petitioner's case and Ashcroft is the absence of an actual minor in the offense. The important difference, however, is that the statute in Ashcroft extended to prohibit constitutionally protected speech. In contrast, in Petitioner's case, the statute does not reach constitutionally protected speech - as stated, there is no constitutional right to solicit minors to engage in illegal sexual activity. Bailey, supra. Even the Ashcroft Court noted that the government "may enforce penalties for unlawful solicitation." 535 U.S. at 251-52. Section 2907.07(D)(2) does not, as Petitioner contends, punish offenders for mere abstract beliefs, even though the statute is cast in terms of whether the

10

offender believes the other person is a minor. Rather, more reasonably understood, § 2907.07(D)(2) punishes offenders for their intent to solicit minors for sexual activity, which is not unconstitutional. Bailey, supra. As Magistrate Judge Black correctly observed, Petitioner's "speech" is merely the vehicle through which the illegal solicitation occurred. Doc. No. 7, at 11.

Petitioner's convictions pursuant to Ohio Rev. Code § 2907.07(D)(2) were not in violation of the First Amendment. The state court's judgment affirming Petitioner's convictions was not contrary to nor did it involve an unreasonable application of clearly established federal law.

## Conclusion

Petitioner's objections to Magistrate Judge Black's Report and Recommendation are not well-taken and are **OVERRULED.** The Court **ADOPTS** the Report and Recommendation. Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is not well-taken and is **DENIED.**

With respect to any application by Petitioner to proceed on appeal in forma pauperis, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this order would not be taken in good faith. Therefore, Petitioner is **DENIED** leave to appeal in forma pauperis. See Fed. R. App. P. 24(a); Kincade v.


<u>Sparkman</u>, 117 F.3d 949, 952 (6th Cir. 1997).

**IT IS SO ORDERED.**

Date <u>June 19, 2007</u>                   <u>        s/Sandra S. Beckwith        </u>
                                            Sandra S. Beckwith, Chief Judge
                                             United States District Court